Michael Eshaghian, Bar No. 300869
michael@meshiplaw.com
MESH IP LAW, PC
5632 Van Nuys Blvd. #1395
Van Nuys, CA 91401
Telephone: (213) 357-5668

Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
RUTTENBERG IP LAW, APC
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270

*Attorneys for Plaintiff Lumen21, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMEN21, INC., *a Nevada corporation*,<br><br>                    Plaintiff,<br><br>     v.<br><br>LUMEN TECHNOLOGIES, INC., *a Louisiana corporation*.<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT**<br>2. **FEDERAL UNFAIR COMPETITION**<br>3. **COMMON LAW TRADEMARK INFRINGEMENT**<br>4. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT

For its Complaint, Plaintiff Lumen21, Inc. ("Lumen21") alleges against Lumen Technologies, Inc. ("Lumen" or "Defendant") as follows:

## NATURE OF ACTION

1. Lumen21 is a leader in the market of designing, implementing, maintaining, and supporting information technology (IT) solutions, used by companies across the globe.

2. Defendant is a provider of products and services in the field of IT solutions. It purports to be a "telecom industry disruptor" and is a direct competitor of Lumen21.

3. By this action, Lumen21 seeks to address and halt Defendant's unauthorized and infringing use of Lumen21's registered and common law trademarks.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Lumen21 is a Nevada corporation with its principal place of business at 711 W. Kimberly Avenue, Suite 110, Placentia, CA 92870.

5. Defendant Lumen is a Louisiana corporation with its principal place of business at 100 CenturyLink Drive, Monroe, LA 71203.

6. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act) and 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (acts of Congress relating to trademarks).

7. The Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

8. The Court also has supplemental jurisdiction over common law trademark infringement and California Unfair Competition Law, pursuant to 28 U.S.C. §1367(a).

9. General jurisdiction is proper over Defendant because Defendant maintains at least three offices in California, including at 818 W. 7th Street, Los Angeles, CA 90017; 19000 MacArthur Blvd, Irvine, CA 92612; and 2590 N. 1st St., San Jose, CA 95131.

10. Specific jurisdiction is proper over Defendant because Defendant has purposely availed itself of the rights and privileges of this State and has purposely directed activities towards this forum. For example, Defendant has marketed and sold, and continues to market and sell, IT solutions and related products and services under the trade names LUMEN and LUMEN TECHNOLOGIES

(collectively, "the Infringing LUMEN Marks") to California consumers, including to consumers in this District.

11. For example, Defendant has performed services for the State of California, including constructing network infrastructure to deliver broadband access (a $400 million contract) and performing services for the Governor's Office of Emergency Services.

12. Defendant also specifically services customers in this District; it touts its "[e]xpanding connectivity and diversity in SoCal" and about having customers in "huge industries from Hollywood to premier higher education institutions to aerospace . . . . Small business is a foundation of the diversity SoCal offers and we are connecting them too. . . . Over the last decade we have been building our fiber network across Southern California, to reach clients and provide greater options for scalable, secure, redundant services."

13. Defendant's misconduct and/or infringement was also expressly aimed at this forum while using the LUMEN trademark.

14. For example, Defendant is and was aware that Lumen21 is located in California, including because Lumen21 served Defendant with correspondence indicating that Lumen21 is located in Placentia, CA.

15. Defendant continued willfully infringing Lumen21's trademarks after receiving Lumen21's correspondence.

16. On information and belief, Defendant also regularly conducts business in California and purposefully avails itself of the privilege of conducting activities in this forum.

17. On information and belief, Defendant has various business relationships with citizens of this forum.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and (d) because Defendant is subject to personal jurisdiction in this District and because the injury to Lumen21 by Defendant's unauthorized use of the LUMEN marks occurred in substantial part in this District.

# GENERAL ALLEGATIONS

### *Lumen21 and its Trademarks*

19. For nearly two decades, Lumen21 has been a leader in the market of designing, implementing, maintaining, and supporting information technology (IT) solutions, used by companies across the globe.

20. In recognition of its outstanding service, Lumen21 has been awarded and recognized numerous times, including:

- Channel E2E named Lumen21 as one of the top 100 managed IT service providers (MSPs) in 2016, 2017, and 2018, and one of the top 250 MSPs in 2020.
- Lumen21 was awarded the BMC Customer Connect Award in 2011.
- Lumen21 was awarded the Nucleus Research Technology ROI Award in 2011.
- Lumen21 was awarded the ProAmerica Bank Fulfilling the Promise Award in 2013.
- ICIC and Fortune named Lumen21 to their Inner City 100 list in 2014.
- The U.S. Department of Commerce Minority Business Development Agency awarded Lumen21 the Technology Firm of the Year Award in 2014.
- TMC awarded Lumen21 the Cloud Computing Product of the Year Award in 2014.
- Lumen21 was recognized as a top-25 most promising cloud services vendor by Outsourcing Gazette Magazine in 2015.
- Microsoft awarded Lumen21 the U.S. Public Sector Healthcare & Life Sciences Cloud Partner of the Year Award in 2016.
- Lumen21 was recognized by Silicon Review Magazine in their list of the top 10 Fastest Growing Computing Companies in 2016.
- Lumen21 was recognized by MSPMentor as a leading MSP worldwide in their Global 510 list in 2016.

21. Lumen21 has common law and registered trademarks to protect its brand and the goodwill that it has spent considerable resources building over the years it has operated.

22. Lumen21 filed U.S. Trademark Application Serial No. 87059537 on June 3, 2016, for the composite mark shown below used in connection with "Consulting services in the field of cloud

computing applications, integration, and hosting services, desktop server management and IT audit services" in International Class (IC) 42. The first use in interstate commerce was at least as early as July 16, 2007. On or around January 4, 2017, the mark of this application was published in the *Trademark Official Gazette* of the United States Patent & Trademark Office. This application was approved for registry on the Principal Register and issued as U.S. Trademark Registration No. 5,179,724 (the "'724 Registration") on April 11, 2017. A true and correct copy of the '724 Registration is attached hereto as **Exhibit 1**.

Lumen21

23. Lumen21 has used the mark in the '724 Registration in connection with the services with for which it was registered, and that use is and has been continuous for at least the past five consecutive years (and earlier). On February 19, 2023, Lumen21 filed a declaration of incontestability for the '724 Registration, and that declaration was acknowledged by the USPTO. Lumen21's '724 Registration is incontestable under 15 U.S.C. § 1065.

24. Lumen21 filed U.S. Trademark Application Serial No. 97507489 on July 18, 2022, for the standard-character mark LUMEN21 used in connection with "Cloud computing featuring software for use in software integration, desktop server management, database and network management, software maintenance and IT audit services; Consultancy in the field of software design; Consulting services in the field of cloud computing; Maintenance of computer software relating to computer security and prevention of computer risks; Software as a service (SAAS) services featuring software for IT compliance, management and security assessment and integrated managed services for healthcare, financial and payment card industries; Software as a service (SAAS) services featuring software for network administration and support; Technical support services, namely, remote and on-site infrastructure management services for monitoring, administration and management of public and private cloud computing IT and application systems; Technical support services, namely, troubleshooting of computer software problems; Technical support, namely, monitoring technological functions of computer network systems; Technical support, namely, providing computer facilities for the electronic storage of digital data; Computer network design for others;

Computer services, namely, computer system administration for others; Software as a service (SAAS) services featuring software for database management, including database performance tuning, migration, and operation support; Software as a service (SAAS) services featuring software for firewall management" in IC 42. The first use in interstate commerce was at least as early as July 16, 2007. On or around May 17, 2023, the mark of this application was published in the *Trademark Official Gazette* of the United States Patent & Trademark Office. This application was approved for registry on the Principal Register and issued as U.S. Trademark Registration No. 7,144,931 (the "'931 Registration") on August 22, 2023. A true and correct copy of that registration is attached hereto as **Exhibit 2**.

25.     Lumen21 filed California Trademark Application Serial No. 02046067 on March 4, 2025, for the standard-character mark LUMEN21 used in connection with services in class 42. The first use date in California was at least as early as July 16, 2007.

26.     Lumen21's marks have been extensively and continuously used by Lumen21 in the IT solutions marketplace and are inherently distinctive and/or have become distinctive through the acquisition of secondary meaning.

27.     Lumen21 has used and is currently using the Lumen21 marks in interstate commerce and plans to continue such use in the future.

*Defendant's Infringing Activity*

28. Defendant advertises and sells its IT services to consumers under the LUMEN and LUMEN TECHNOLOGIES marks. For example, Defendant's website, lumen.com, displays LUMEN multiple times on the home page, and the footer contains a copyright notice naming Lumen Technologies:



29. Among other offerings, Defendant advertises services such as managed security services, unified communication and collaboration, and IT solutions under the LUMEN and LUMEN TECHNOLOGIES marks.

30. Defendant's managed security services entail providing security solutions that secure customers' networks, mitigate malicious attacks, and identify potential security threats. They also include DDoS mitigation, remote and premise-based firewalls, professional consulting and management services, and threat intelligence services.

31. Defendant's unified communications and collaboration service entails providing access to various unified communications platforms, and includes both individual, license-based service models and more robust options that for a customer's inbound and outbound calling platform.

32. Defendant's IT solutions service entail crafting technology solutions for customers and managing the solutions on an ongoing basis. This service enhances equipment or networks owned, acquired, or controlled by the customer and often includes consulting or software development services.

33. Lumen21 competes with Defendant on the services it offers, including those described above.

34. Defendant is and has been aware of Lumen21 and of Lumen21's marks since at least May 2022.

35. On information and belief, Defendant was aware of Lumen21 and of Lumen21's marks when Defendant first started using the Infringing LUMEN Marks.

36. Before filing suit, Lumen21 also notified Defendant, including through Defendant's CEO Ms. Kate Johnson, that Defendant's use of the Infringing LUMEN Marks is likely to cause, and has caused, confusion in the market.

37. Nonetheless, Defendant continued infringing on Lumen21's marks.

38. Consumers (and others) in the IT services industry have experienced actual confusion due to Defendant's infringing activity.

## COUNT I

(Federal Trademark Infringement, 15 U.S.C. § 1114)

39. Lumen21 incorporates and realleges by reference the foregoing paragraphs as if set forth in full herein.

40. Lumen21 is the owner of all right, title, and interest in and to the valid Lumen21 marks.

41. The Lumen21 marks have been extensively and continuously used by Lumen21 in the IT services marketplace in the United States and are inherently distinctive and/or have become distinctive through the acquisition of secondary meaning.

42. The Lumen21 marks are commercially strong, including because of Lumen21's significant expenditures in advertising its services, unsolicited media coverage, and high consumer awareness.

43. Defendant has used, and on information and belief, will continue to use, the Infringing LUMEN Marks to sell goods and services to consumers in the IT services and related industries, in direct competition with Lumen21.

44. Defendant's actions have been willful, deliberate, and intentional. For example, Defendant was aware of Lumen21 and its marks at least as early May 2022, yet continued to infringe on its rights thereafter.

45. The Infringing LUMEN Marks are confusingly similar to Lumen21's marks in appearance, sound, meaning, and overall impression.

46. Defendant uses the Infringing LUMEN Marks in connection with the same type of goods and services as those used by Lumen21 with the Lumen21 marks. Defendant's use of the Infringing LUMEN Marks is likely to confuse consumers as to the source of the goods and services, especially because Lumen21 and Defendant are direct competitors.

47. Lumen21 and Defendant's goods and services are marketed and sold in the same or similar channels. For example, Lumen21 and, on information and belief, Defendant, both sell services via direct sales, partner relationships, and large distribution channels.

48. Consumers and vendors have been actually confused by Defendant's use of the Infringing LUMEN Marks.

49. As a result of Defendant's infringing conduct, Lumen21 has suffered damages in an amount to be determined at trial, including but not limited to its lost sales, lost profits, lost business opportunities, and Defendant's profits derived from the infringing uses.

50. Lumen21 has no adequate remedy at law for Defendant's infringing conduct, in that (i) its actions injure and threaten to continue to injure Lumen21's valuable goodwill and assets, injury to which cannot adequately be compensated by monetary damages, (ii) the injury to Lumen21 from Defendant's wrongful actions is not precise and fully ascertainable, (iii) Defendant's wrongful acts injured and threatened, and continue to injure and threaten, Lumen21's reputation and goodwill, and (iv) the injury resulting to Lumen21 from Defendant's wrongful conduct, and the conduct itself, are continuing.

51. Lumen21 is entitled to preliminary and permanent injunctive relief as well as to Defendant's profits, Lumen21's damages, and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and as well as its reasonably attorneys' fees and prejudgment interest pursuant to 15 U.S.C. § 1117.

## COUNT II

(Federal Unfair Competition, 15 U.S.C. § 1125(a))

52. Lumen21 incorporates and realleges by reference the foregoing paragraphs as if set forth in full herein.

53. Lumen21 is the owner of all right, title, and interest in and to the valid Lumen21 marks.

54. Any sales, or offers to sell, by Defendant, of products and services to consumers in the IT services and related industries using the Infringing LUMEN Marks, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the products or services of Defendant with those of Lumen21, or as to the sponsorship or approval of Defendant's products or services by Lumen21.

55. Defendant's actions have been willful, deliberate, and intentional. For example, Defendant was aware of Lumen21 and its marks at least as early May 2022, yet continued to infringe on its rights thereafter.

56. As a result of Defendant's infringing conduct, Lumen21 has suffered damages in an amount to be determined at trial, including but not limited to its lost sales, lost profits, lost business opportunities, and Defendant's profits derived from the infringing uses.

57. Lumen21 has no adequate remedy at law for Defendant's infringing conduct, in that (i) its actions injure and threaten to continue to injure Lumen21's valuable goodwill and assets, injury to which cannot adequately be compensated by monetary damages, (ii) the injury to Lumen21 from Defendant's wrongful actions is not precise and fully ascertainable, (iii) Defendant's wrongful acts injured and threatened, and continue to injure and threaten, Lumen21's reputation and goodwill, and (iv) the injury resulting to Lumen21 from Defendant's wrongful conduct, and the conduct itself, are continuing.

58. Lumen21 is entitled to preliminary and permanent injunctive relief as well as to Defendant's profits, Lumen21's damages, and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and as well as its reasonably attorneys' fees and prejudgment interest pursuant to 15 U.S.C. § 1117.

## COUNT III

(California Common Law Trademark Infringement)

59. Lumen21 incorporates and realleges by reference the foregoing paragraphs as if set forth in full herein.

60. Lumen21 is the owner of all right, title, and interest in and to the valid Lumen21 marks, including the pending LUMEN21 California trademark application.

61. Defendant uses the Infringing LUMEN Marks in California.

62. Lumen21 used the Lumen21 marks in California before Defendant's use of the Infringing LUMEN Marks in California.

63. Consumers in California are likely to confuse the Infringing LUMEN Marks with Lumen21's marks.

64. As a result of Defendant's infringing conduct, Lumen21 has suffered damages in an amount to be determined at trial, including but not limited to its lost sales, lost profits, lost business opportunities, and Defendant's profits derived from the infringing uses.

65. Lumen21 has no adequate remedy at law for Defendant's infringing conduct, in that (i) its actions injure and threaten to continue to injure Lumen21's valuable goodwill and assets, injury to which cannot adequately be compensated by monetary damages, (ii) the injury to Lumen21 from Defendant's wrongful actions is not precise and fully ascertainable, (iii) Defendant's wrongful acts injured and threatened, and continue to injure and threaten, Lumen21's reputation and goodwill, and (iv) the injury resulting to Lumen21 from Defendant's wrongful conduct, and the conduct itself, are continuing.

66. Lumen21 is entitled to preliminary and permanent injunctive relief as well as to Defendant's profits, Lumen21's damages, and other remedies provided by California law, and as well as its reasonably attorneys' fees and prejudgment interest.

## COUNT IV

(Violation of California Unfair Competition Law, Bus. & Prof. Code §§ 17200 et seq.)

67. Lumen21 incorporates and realleges by reference the foregoing paragraphs as if set forth in full herein.

68. Defendant competes with Lumen21 in the IT services and related industries.

69. Defendant has engaged in unfair, fraudulent, and/or unlawful business practices within the meaning of California's Business and Professions Code § 17200 because, in California and throughout the country, and through various channels of interstate commerce, Defendant has likely caused consumer confusion—and has actually caused consumer confusion—through its use of the Infringing LUMEN Marks.

70. Defendant's conduct has been anticompetitive, as well as immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

71. Defendant's conduct is not beneficial, but in any event, the harm caused by Defendant's conduct outweighs any benefit.

72. Pursuant to California's Business and Professions Code §§ 17203 and 17206, Lumen21 is entitled to injunctive relief, restitution, and disgorgement of Defendant's profits obtained through its unfair competitive practices, to the maximum extent permitted by law.

73. Unless enjoined, Defendant will continue to compete unfairly with Lumen21 in California, causing harm to the relevant consumers.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiff Lumen21 prays that this Court provide relief by:

a. Preliminarily and permanently enjoining and restraining Defendant, as well as its officers, directors, agents, employees, and all other individuals affiliated, associated, or acting in concert with it, from (i) using the mark LUMEN or LUMEN TECHNOLOGIES or any other mark that is confusingly similar to Lumen21's marks in such a way that is likely to cause confusion, (ii) infringing Lumen21's marks, (iii) making any false description or representation of origin concerning any goods or services offered for sale by Lumen21 or by Defendant, (iv) engaging in any conduct that tends falsely to represent that, or is likely to confuse mislead, or deceive, members of the public

to believe that, Defendant's products or services, or Defendants themselves, are in any way connected with, sponsored, approved, or licensed by, or is in some way affiliated with Lumen21;

    b.    Awarding Lumen21 compensatory and actual damages;

    c.    Ordering Defendant to provide an accounting of its profits;

    d.    Awarding Lumen21 its lost profits plus Defendant's profits;

    e.    Awarding Lumen21 disgorgement of Defendant's profits;

    f.    Awarding Lumen21 restitution;

    g.    Increasing the award of damages because of Defendant's willful infringement;

    h.    Awarding Lumen21 its attorneys' fees and costs;

    i.    Awarding Lumen21 prejudgment and post-judgment interest;

    j.    Ordering judgment be entered in favor of Lumen21 and against Defendant on each cause of action in this Complaint;

    k.    Awarding Lumen21 such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Lumen21 demands a jury trial on all issues triable by a jury.

| | | | |
|---|---|---|---|
| DATED: March 14, 2025 | | By: | */s/ Guy Ruttenberg* |
| | | | Guy Ruttenberg, Bar No. 207937 |
| | | | guy@ruttenbergiplaw.com |
| | | | RUTTENBERG IP LAW, APC |
| | | | 1801 Century Park East, Suite 1920 |
| | | | Los Angeles, CA 90067 |
| | | | Telephone: (310) 627-2270 |
| | | | |
| | | | Michael Eshaghian, Bar No. 300869 |
| | | | michael@meshiplaw.com |
| | | | MESH IP LAW, PC |
| | | | 5632 Van Nuys Blvd. #1395 |
| | | | Van Nuys, CA 91401 |
| | | | Telephone: (213) 357-5668 |
| | | | |
| | | | *Attorneys for Plaintiff Lumen21, Inc.* |